IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE JOSEPH CHANG, #57957-177, PLAINTIFF, | § § § § | |
| v. | § | CIVIL CASE NO. 3:21-CV-1165-S-BK |
| K. WHITWORTH, ET AL., DEFENDANTS. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Wayne Joseph Chang's motion to proceed *in forma pauperis*, pending judicial screening. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

### I. BACKGROUND

In 2020, Chang was sentenced to 125 months' imprisonment for conspiracy to possess with intent to distribute a controlled substance. *United States v. Chang*, No. 3:18-CR-588-B-2 (N.D. Tex. Jan 16, 2020); Crim. Doc. 113. In 2021, he filed a *pro se* motion seeking the return of property seized following his November 7, 2018 arrest. Crim. Doc. 152. The Government responded that (1) none of the seized property was or had ever been in its possession, (2) one of the items was the subject of a forfeiture proceeding in Dallas County, Texas, and forfeited on June 30, 2020, and (3) the remaining items were in the custody of the Dallas Police Department.

Crim. Doc. 155 at 2; *see also* Crim. Doc. 155-1 (*Dallas Police Dep't Property Receipt)*; Crim. Doc. 155-2 (*Judgment of Forfeiture*).[1]

On May 21, 2021, Chang filed the instant complaint against state officials seeking damages for conversion of the property seized following his November 2018 arrest. Doc. 3 at 1-2 (*§ 1983 Civil Action Complaint*). In his operative amended complaint, Chang sues the United States, the Dallas County Sheriff's Department, the Dallas Police Department, and Police Officers K. Whitworth and H. Trejo. Doc. 5 at 1, 3. He asserts the seized property should have been returned to him because he was prosecuted in federal court not state court. Doc. 5 at 4. Chang also claims "the Federal Government was obligated to take custody of the evidence" but "failed to do so." Doc. 5 at 4. He surmises "neither party can locate the seized property" now. Doc. 5 at 4. Thus, he requests $300,000 in damages. Doc. 5 at 4. Chang encloses as support the November 7, 2018 Dallas Police Department Property receipt that is also attached to the Government's Response to the instant motion. *See* Doc. 5 at 6; Doc. 3 at 3.

In his *Answers to the Magistrate Judge's Questionnaire*, Chang states he is suing under (1) *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and (2) FED. R. CRIM. P. 41(g) and "the court's general equity jurisdiction under 28 U.S.C. § 1331." Doc. 12 at 1-2. Specifically, he contends that Whitworth is responsible for seizing items that were not related to his criminal case, and Trejo is "responsible for logging [the property] . . . in state possession instead of federal possession." Doc. 12 at 3-4. Chang also sues the United States Government

---

[1] Although Chang's motion was subsequently filed as a civil action for the return of property, the case was dismissed for failure to pay the filing fee. *See Chang v. United States*, No. 3:21-CV-776-B-BT (N.D. Tex. June 22, 2021), *appeal docketed*, No. 21-10652.

"for not taking possession of [the] seized items" and for not giving him "notice of [the] whereabouts or when to recover [the] property involved in the investigation." Doc. 12 at 5.

Further, Chang sues Nathan Rogers, his appointed counsel in the federal criminal case. Doc. 12 at 5. He asserts that Rogers told him "he could not get his property back [until] after his sentencing[.]" Doc. 12 at 2. But when his criminal case concluded, Chang allegedly learned that the Government did not have possession of his property and that some of his property had been forfeited in state court in June 2020.[2] Doc. 12 at 2, 5. Chang states that he is suing Rogers for "misinformation" and "avoiding emails" from his family and friends, and for misadvising him about the seized property. Doc. 12 at 5. As to the latter, Chang avers that, "after receiving a notice to respond," Rogers told him "not to worry about it cause [sic] the Government or State could not release property til [sic] after sentencing." Doc. 12 at 5.

Upon review, the Court concludes that Chang's claims are frivolous and fail to state a legal claim. Therefore, this action should be dismissed.

## II. ANALYSIS

Because Chang is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and it

---

[2] Although Chang alleges all property was forfeited, only two items were forfeited: $8,979 in U.S. currency and a 2009 Mercedes Benz C300. Crim. Doc. 155-2.

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Chang's complaint is frivolous and fails to state a legally cognizable claim.

### A. Claims Against U.S. Government Lack Legal Basis

Chang's claims against the United States are frivolous. Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (quotations and citations omitted)). Chang offers no legal authority permitting suit against the United States for monetary damages for failing to take possession of the property seized by state authorities following his arrest. Doc. 12 at 5.

Moreover, to the extent Chang relies on Rule 41(g), his claim lacks any legal basis because the United States previously conceded that it does not possess the property. Rule 41(g) presumes that the property sought to be returned is in the possession of the United States and that it is authorized to return the property. *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) ("[T]he government cannot return property it does not possess . . . ."); *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003) (relief under Rule 41(g) is appropriate only if the

United States possesses the property); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (same).

### B. Chang Also Fails to State a Claim Against Dallas Police Officers

Insofar as Chang sues Whitworth and Trejo for alleged civil rights violations, his claims appear to implicate 42 U.S.C. § 1983, not *Bivens*, since Whitworth and Trejo are both Dallas Police Officers and not federal law enforcement officers. Doc. 12 at 3-4. Even so, Chang does not identify any constitutional violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to pursue a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law). Chang's mere allegations that Whitworth seized property that was unrelated to Chang's federal criminal case, and that Trejo tendered the seized property to state and not federal law enforcement agencies, do not plausibly suggest that either officer violated his constitutional rights. It is well established that "Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 411-12 (5th Cir. 2015) (quoting *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).

Moreover, any § 1983 claim against Whitworth and Trejo would be time barred. Chang maintains that his property was seized on November 7, 2018. So the two-year deadline for filing suit expired on Monday, November 9, 2020. Fed. R. Civ. P. 6(a)(1)(C). However, May 9, 2021, is the earliest possible date on which Chang's complaint can be deemed filed in this case.[3] Doc.

---

[3] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Chang dated his complaint on May 9, 2021. Doc. 3 at 1.

3 at 1. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (§ 1983 actions are governed by the two-year personal injury limitations period and limitations can be raised *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).[4]

Moreover, Chang cannot demonstrate that he is entitled to equitable tolling of the limitations period as a result of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a) ("a person is under a legal disability if the person is: (1) younger than 18 years of age . . . or (2) of unsound mind"). The fact of Chang's imprisonment also does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

### C. Claim Against Appointed Counsel Lacks Facial Plausibility

Chang alleges that Rogers misadvised him about his seized property.[5] Doc. 12 at 5. But Chang's claim fails for several reasons. First, Rogers was not acting under color of law, as is required to establish a civil rights violation under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (holding public defender does not act under color of state law in representing a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677,

---

[4] The six-year statute of limitations applies only to a civil action for return of seized property against the United States under Rule 41(g). *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000) (citing 28 U.S.C. § 2401(a)).

[5] To the extent Chang also sues on behalf of his family and friends, he cannot do so. Doc. 12 at 5. Chang is not a licensed attorney and, therefore, is neither qualified nor permitted to represent his family or friends before this Court. "'28 U.S.C.A. § 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law . . . and that by a person representing himself.'" *Gonzales v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998)) (citations omitted); *see also* Fed. R. Civ. P. 11(a) (requiring that every pleading, motion, and other paper must be signed by an attorney or by a party personally if the person is unrepresented).

679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

Second, as a private actor, Rogers cannot be sued under *Bivens*. See *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72-73 (2001) (holding federal prisoner could not bring *Bivens* claim against private prison corporation because state negligence claim provided adequate tort remedy). Indeed, the Supreme Court has declined to allow *Bivens* claims against private actors, even when they were clearly acting under color of federal authority. See *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Third, Chang's pleadings, even when liberally construed, do not allege that Rogers violated his constitutional rights. Doc. 12 at 2, 5. Moreover, insofar as Chang intends to assert Rogers was negligent, such conduct does not amount to a constitutional violation. See *Daniels v. Williams*, 474 U.S. 327, 330 (1986).

### D. Police and County Sheriff's Departments are Not a Suable Entity

Lastly, Chang may not sue a servient political agency or department, such as the Dallas Police Department or the Dallas County Sheriff's Department, unless such agency or department enjoys a separate and distinct legal existence. See *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). Chang was advised of the same by the *Magistrate Judge's Questionnaire* but declined to substitute an entity subject to suit. Doc. 12 at 5. Consequently, because Chang continues to seek relief from entities that are not subject to suit under § 1983, his allegations fail to state a claim upon which relief may be granted.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* As outlined here, Chang's claims are fatally infirm. In addition, the Court has already given Chang an opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Doc. 12. Because he nevertheless failed to cure the infirmities identified herein, the Court concludes that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on April 29, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).